**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DANIELLA SPRINGER, WILLIAM MOORE, and ARIEL VOLQUEZ,** individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JOHNSON & WALES UNIVERSITY,**<br><br>Defendant. | **CLASS ACTION**<br><br>**CASE NO. 1:24-CV-00399-JJM-PAS** |

# FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [ECF No. 28];

WHEREAS, on January 5, 2026, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)-(3) and certified the Settlement Class; (3) appointed Plaintiffs as Settlement Class Representatives; (4) appointed Settlement Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [ECF No. 27];

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Postcard Notice and the Long Form Notice was

available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on May 13, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class members.

2. This Final Approval Order incorporates herein the definitions from Section II of the Class Action Settlement Agreement, attached as Exhibit A to the Motion for Preliminary Approval.

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the factors in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and Federal Rule of Civil

Procedure 23(e)(2) factors, highlighted by evidence that: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and amount of discovery completed; (d) the risks of establishing liability; (e) the risk of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light the best possible recovery; and (i) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there was no objection to the Settlement filed, and that only 1 Opt-Out was submitted. A list of the individual who opted-out of the Settlement is included in the Supplemental Declaration of the Settlement Administrator and is incorporated herein. That individual will not be bound by the Agreement and Releases contained therein.

6. Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7. The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of the Settlement Class in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11. The appointment of Plaintiffs as Settlement Class Representatives is affirmed.

12. The appointment of Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Leanna A. Loginov of Shamis & Gentile P.A., and Grayson Wells of Stranch, Jennings & Garvey, PLLC as Settlement Class Counsel is affirmed.

13. The appointment of Epiq Class Action and Claims Solutions, Inc. is affirmed.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements

of Federal Rule of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (4) the Settlement Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and

fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

15. Therefore, the Court finally certifies the following Settlement Class: All persons on the list of persons to whom Johnson & Wales University arranged to have sent a notice of the 'Security Incident,' [i.e., the security incident identified in the letter dated September 19, 2024, sent to Plaintiffs and the subject of the Amended Complaint], excluding those persons identified as being excluded in the Amended Complaint. Excluded from the Settlement Class are Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

16. Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

17. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

18. In consideration for this Agreement and the consideration set forth herein, the Releasing Parties hereby release the Released Parties from the Released Claims.

19. If, consistent with the plan of distribution set forth in the Settlement, there are any funds that remain in the Settlement Fund after all deductions any payments from the Settlement

Fund provided for in the Agreement have been made, any remaining funds shall be distributed to Papitto Opportunity Connection, which the Court approves as the *cy pres* recipient.

20. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $151,400.00 for Attorneys' Fees and costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Settlement Class Counsel have sole responsibility, within Settlement Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Settlement Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason under the factors listed in *Gunter v. Ridgewood Energy Corp.*, 396 F.3d 294, 301 (3d Cir. 2005).

21. The Settlement Class Representatives are each awarded $2,500.00 Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22. Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and

(c) all Parties, for the purpose of enforcing and administering the Settlement.

24. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement,

and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

25. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure

**DONE AND ORDERED** in Chambers in Providence, Rhode Island, this 15th day of May, 2026.

Hon. John J. McConnell, Jr.
CHIEF UNITED STATES DISTRICT JUDGE